UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITALIO PEREIRA MOREIRA,<br><br>      Petitioner,<br><br>  v.<br>PATRICIA HYDE, Boston Field Office Director; TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security,<br><br>      Respondents. | Civil Action No. 1:25-CV-12573-BEM |

**ABBREVIATED RESPONSE TO HABEAS PETITION AND REQUEST TO PROCEED WITHOUT ADDITIONAL BRIEFING OR ARGUMENT**

  The legal issues presented in this Petition for Writ of Habeas Corpus ("Petition") concern the statutory authority for U.S. Immigration and Customs Enforcement's ("ICE") detention of Petitioner, whether Petitioner is entitled to a bond hearing, and if so, whether Petitioner must first exhaust his administrative remedies. While reserving all rights, including the right to appeal, Respondents submit this abbreviated response in lieu of an exhaustive responsive memorandum to preserve the legal issues and to conserve judicial and party resources, in light of this Court's prior decisions in *Martinez v. Hyde*, No. 25-cv-11613-BEM,__ F. Supp. 3d __, 2025 WL 2084238 (D. Mass. July 24, 2025), and *Romero v. Hyde*, No. 25-cv-11631-BEM, __ F. Supp. 3d __, 2025 WL 2403827 (D. Mass. August 19, 2025)).

  While Respondents respectfully disagree with the Court's prior decisions, Respondents acknowledge this Court's prior decisions control the result in this case if the Court adheres to

1

those decisions. Thus, in the interest of judicial economy, and to expedite the Court's consideration of this matter, the Respondents hereby rely upon and incorporate by reference the legal arguments it presented in *Martinez* and *Romero*, and submit that the Court can decide this matter without further briefing and without oral argument. However, should the Court prefer to receive a more exhaustive and fulsome opposition brief in this matter, Respondents respectfully request the opportunity to file such a brief and will do so upon the Court's request.

**Relevant Underlying Facts**

Petitioner is a native and citizen of Brazil. Declaration of ICE Assistant Field Office Director Keith Chan ("Chan Decl."), attached as Exhibit 1, ¶ 6. On or about September 2, 2021, a U.S. Border Patrol ("USBP") agent encountered the Petitioner and his mother at or near San Luis, Arizona, along the U.S. Southern border. *Id.* ¶ 7. The USBP agent determined that the Petitioner and his mother had unlawfully entered the United States at a time and place other than as designated by immigration officers. *Id.* The Petitioner was taken into custody and, on September 3, 2021, was served with Notices to Appear ("NTA") charging him as inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* ¶ 8. Three days later, USBP released Petitioner on his own recognizance. *Id.* ¶ 9.

On September 22, 2021, USBP filed the NTA in the Boston Immigration Court initiating removal proceedings against Petitioner. *Id.* ¶ 10. On October 5, 2022, Petitioner filed with U.S. Citizenship and Immigration Services ("USCIS") a Form I-360, Petition for Amerasian, Widower, or Special Immigrant, under the Special Immigrant Juvenile Classification ("SIJ"). *Id.* ¶ 11. USCIS approved the Form I-360 Petition on April 18, 2023. *Id.* ¶ 12. Because of that approval, the Boston Immigration Court terminated — but did not dismiss with prejudice — Petitioner's removal proceedings. *Id.* ¶ 13. On July 22, 2024, in an exercise of its discretion, USCIS granted Petitioner deferred action because of his SIJ classification. *Id.* ¶ 14.

On September 13, 2025, ICE's Enforcement and Removal Operations ("ERO") encountered Petitioner at or near Boston, MA. *Id.* ¶ 15. Petitioner attempted to flee from ICE but, after ICE ERO issued verbal commands for Petitioner to stop, he complied. *Id.* ¶ 15. Petitioner was then arrested and detained in ICE custody. *Id.* Petitioner is now detained at Plymouth County Correctional Facility in Plymouth, MA. *Id.* ¶¶ 5, 18.

On September 15, 2025, ICE served Petitioner with a new NTA, charging him as inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). That NTA was filed in the Chelmsford Immigration Court on September 19, 2025, initiating removal proceedings against Petitioner. *Id.* ¶ 19. Also on September 19, 2025, USCIS, a nonparty in this case, exercised its discretion to terminate Petitioner's deferred action; Petitioner's SIJ classification remains approved, however. *Id.* ¶ 20.

**Discussion**

Petitioner principally seeks an order from this Court directing ICE to immediately release Petitioner from ICE detention. ECF No. 8 at 12. In the alternative, Petitioner requests that this Court order the Immigration Court to conduct a new bond hearing. *Id.* Petitioner argues that his detention is governed, if at all, by INA § 236, 8 U.S.C. § 1226, that there have been no changes since he was initially released on his own recognizance from detention soon after his entry into the United States, that the Department of Homeland security has already determined that he is not a flight risk or danger to the community, and that his grant of deferred action and the termination of his removal proceedings preclude further removal action by Respondents. *See generally, id.* Petitioner contends that his re-detention and deprivation of a bond hearing violates substantive due process under the Fifth Amendment to the United States Constitution, 8 U.S.C. § 1226, and Respondents' own regulations. *Id.*

3

Respondents contend that Petitioner's detention is governed by INA § 235, 8 U.S.C. § 1225, because as an alien who entered without inspection or parole, and was initially detained soon after crossing the border, he was an applicant for admission who is treated, for constitutional purposes, as if stopped at the border. As such, he is subject to mandatory detention and not entitled to a bond hearing. Respondents further contend that Petitioner should be required to exhaust his administrative remedies as a prudential matter—which may lead to his release from detention—before bringing a habeas challenge in federal court. Respondents contend that should this Court determine that Petitioner's detention is subject to 8 U.S.C. § 1226, the only appropriate remedy for this Court to award is a bond hearing before an Immigration Judge.

Respondents further rely upon *In re Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025). There, the BIA examined the plain language of § 1225, the INA's statutory scheme, Supreme Court and BIA precedent, the legislative history of the INA and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub L. No. 104-208, and DHS's prior practices. After doing so, the BIA held that "under a plain language reading of section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), Immigration Judges lack authority to hear bond requests or to grant bond to aliens, like the respondent, who are present in the United States without admission." 29 I&N Dec. at 225. This Court should similarly adopt this approach.

Petitioner's classification as a Special Immigrant Juvenile ("SIJ"), and his discretionary grant of deferred action, also do not render his current detention unlawful. *See* ECF No. 8 ¶ 2. "The Immigration and Nationality Act of 1990 included a new form of immigration relief for non-citizen children." *Budhathoki v. Nielsen*, 898 F.3d 504, 508 (5th Cir. 2018). An individual can obtain SIJ classification when the applicant satisfies three statutory requirements. *L.F.O.P.*

4

*v. Mayorkas*, 656 F. Supp. 3d 274, 276 (D. Mass. 2023).  An individual with SIJ classification can apply for adjustment of status if they are eligible, admissible, and an immigrant visa is immediately available. 8 U.S.C. § 1255; 8 C.F.R. § 245.1(e)(3)(i).

A limited number of immigrant visas to allow adjustment of status for SIJs are available each year.  In 2022, USCIS recognized that "[d]ue to ongoing visa number unavailability, the protection that Congress intended to afford SIJs through adjustment of status is often delayed for years…". USCIS Policy Alert-2022-10, https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20220307-SIJAndDeferredAction.pdf.  As such, USCIS updated its policy guidance "to provide that USCIS will consider granting deferred action on a case-by-case basis to noncitizens classified as SIJs who are ineligible to apply for adjustment of status solely due to unavailable immigrant visa numbers." *Id.*  USCIS made clear, however, that "[n]oncitizens without lawful status who have an approved SIJ petition remain subject to removal" because "SIJ classification does not render a noncitizen lawfully present, does not confer lawful status, and does not result in eligibility to apply for employment authorization." *Id.*  USCIS "reserves the right to terminate the grant of deferred action and revoke the related employment authorization at any time as a matter of discretion."  https://www.uscis.gov/policy-manual/volume-6-part-j-chapter-4 (last accessed Sept. 17, 2025).

The INA automatically exempts SIJ designees applying for adjustment of status from a set of generally applicable grounds of inadmissibility and provides that other grounds of inadmissibility may be waived at the Attorney General's discretion.  8 U.S.C. §§ 1255(h)(2), 1182(a).  If an application for adjustment of status is granted, the individual receives Lawful Permanent Resident status. 8 U.S.C. § 1255(a).

An individual who obtains SIJ classification thus receives several important benefits,

but is still subject to arrest, detention, and removal from the United States. *See Doe,* 2025 WL 2576819, at *8 (Finding that Section 1255(h)(2) "which governs applications for adjustment of status, does not exempt [p]etitioner from removability based on his SIJ status."); *Benito Vasquez*, 2025 WL 1737216, at *2 ("The fact that petitioner has been given [SIJ] status has no effect on ICE's statutory and regulatory authority to detain him."); *Cortez-Amador v. Att'y Gen.*, 66 F.4th 429, 432, 433 n.11 (3d Cir. 2023) ("Congress could have rationally decided that SIJS recipients should be given the opportunity to apply for adjustment of status, while also contemplating that they may be removed if their application is denied or for another appropriate basis."); *United States v. Granados-Alvarado*, 350 F. Supp. 3d 355, 357 (D. Md. 2018) (Explaining that "an SIJ designation does not strip the U.S. government of all removal powers."). Accordingly, Plaintiff's SIJ does not render his current detention unlawful.

Finally, the immigration court's 2023 termination of Petitioner's removal proceedings in 2013 is not a basis for the relief that Petitioner seek, nor does it change his status as an applicant for admission. Notably, "termination" of removal proceedings is without prejudice and simply ends the specific immigration proceedings before the Court at that time, but, unlike a dismissal with prejudice, does not preclude the United States from later reinstating proceedings by filing a new Notice to Appear. *See* 8 C.F.R. §§ 239.2; 1003.18; 1239.2. Nor does termination of removal proceedings confer any legal immigration status or benefits upon the alien.

Respondents acknowledge that principal legal issues in this case substantially overlap with those at issue in *Martinez* and *Romero*. Accordingly, while preserving all rights, Respondents incorporate here by reference the legal arguments it presented in those cases. Should the Court apply the same reasoning of those cases here, it would reach the same result as the relevant facts of those cases are materially indistinguishable from the relevant facts presented in this case. Because of this, Respondents submit that further briefing and/or oral

argument on the legal issues addressed in those cases would not substantively benefit the Court or the parties and would not be a good use of judicial or party resources. Therefore, in its current posture, the Court can decide this matter without delay. Moreover, because a ruling on the legal issues decided in those cases would be dispositive here, Respondents do not brief the additional claims asserted in this Petitioner. If, however, the Court prefers to receive a formal and exhaustive opposition brief to each claim in this matter, Respondents will provide such a brief upon the Court's request.

Respondents thank the Court for its consideration of this abbreviated submission and respectfully request that the Court deny this Petition.

                                      Respectfully submitted,

                                      LEAH B. FOLEY
                                      United States Attorney

Dated: September 19, 2025        By:    */s/ Anuj K. Khetarpal*
                                      Assistant United States Attorney
                                        United States Attorney's Office
                                        1 Courthouse Way, Suite 9200
                                        Boston, MA 02210
                                        Tel.: 617-748-3629
                                        Email: anuj.khetarpal@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Anuj Khetarpal, Assistant United States Attorney, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants.

Dated: September 19, 2025                          By: */s/ Anuj K. Khetarpal*
                                                      Assistant United States Attorney